Linda M. Tirelli, Esq.  
TIRELLI LAW GROUP, LLC  
50 Main Street  
Suite 1265  
White Plains, New York 10606  
914-732-3222  
LTirelli@tw-lawgroup.com

Hearing Date: June 18, 2019  
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
--------------------------------------------------------x  
In re:                                                                                   Case No.: 18-23325

           **ORTIZ FAMILY ESTATES, LLC**                          Chapter 11

                          **Debtor.**  
--------------------------------------------------------x  
**DEBTOR'S MOTION RECLASSIFYING CLAIM NO. 1**  
**FILED BY BANK OF AMERICA, N.A.**

**TO:   HONORABLE ROBERT D. DRAIN**  
        **UNITED STATES BANKRUPTCY JUDGE:**

Ortiz Family Estates, LLC, the above-captioned Debtor ("Debtor"), by its attorney of record, Linda M. Tirelli, Esq., hereby submits this motion (the "Motion"): (a) Bifurcating Claim No.1; and (B) Reclassifying the value of the property owned by Debtor, i.e., $70,000, as a secured claim, and the amount in remainder, i.e., $549,880.34, as a general unsecured claim pursuant to 11 U.S.C. §§ 506(a) and (d); and (e), together with such other and further relief as deemed just and proper, and equitable under the circumstances; and respectfully represents as follows:

**JURISDICTION AND VENUE**

    1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

    2.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

    3.    This proceeding has been initiated pursuant to Bankruptcy Code §§ 502 and 506 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "Bankruptcy Code"), and

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.     Upon information and belief, on or about March 10, 2010, Bryan Lyles ("Lyles") purchased real property located at 316 Garfield Avenue in Jersey City, New Jersey ("the Property"); said purchase was financed by giving a $342,678 promissory note, secured by a mortgage, to Residential Home Funding Corporation.

5.     At some point in time after purchasing the property but prior to the instant bankruptcy case, based upon information and belief, Lyles was arrested and plead guilty to first-degree money laundering, which resulted in, inter alia, incarceration, and related cascade of different costs and expenses, including legal fees and costs; thus, funding was needed to tender to that criminal matter.

4.     Lyles, now presumed destitute, transferred his interest in the Property to Ortiz Family Estates, who holds same as investment property.

4.     On August 29, 2018, Debtor, Ortiz Family Estates, LLC ("Debtor"), filed a voluntary Petition for relief in accordance with chapter 11 of the Bankruptcy Code ("Petition"); said matter was assigned Case No. 18-23325 and placed on the docket of the Hon. Judge Robert D. Drain.

5.     On September 18, 2018, Debtor filed its Schedules of Assets and Liabilities and a Statement of Financial Affairs (the "Schedules") (ECF No. 5). On or about February 5, 2019, Bank of America filed a proof of claim ("Claim No. 1"), which is attached hereto as "**Exhibit A,**" in the amount of $549,880.34, the monetary value that it assigned to the Property.

6.     The Ortiz Family Estates LLC owns now TWO (2) properties and is in the business of buying distressed properties to later resell or hold for rental income.

2

7. With respect to the valuation of the Property, on September 21, 2017, an appraisal of the Property (attached hereto as "**Exhibit B**") was performed by Paul G. Francisco, who appraised its value at $70,000.

8. The Property is currently vacant as well as boarded up; it is located in a high-crime area and has been broken into and vandalized on numerous occasions, resulting in costly damages. In addition, the Property has been fined and/or cited with numerous violations of, inter alia, Jersey City's municipal code, housing code, and health and safety code, all of which Debtor has remedied.

9. The undersigned included opposing counsel Mark Cohen, Esq. on emails with the various agencies in Jersey City looking to get the property cleaned up. The Debtor has invested time and money into cleaning out the unsanitary conditions including raw sewage back up an pick up of what can only be described as a mountain of garbage bags accumulated in the back yard. The Debtor wishes to continue to keep the property in at least decent clean condition in the hopes of eventually repairing the property to bring it back to habitable condition.

10. There have been numerous conversations with opposing counsel and emails from the undersigned offering to allow the creditor full access to the property to conduct its own inspection for condition and valuation purposes. Unfortunately as of the date and time of this opposition, Bank f America has done nothing to visit the property and conduct its own appraisal.

11. Debtor wishes to bifurcate Claim 1 and reclassify it as follows: a $70,000 secured claim; and a $479,880.34 general unsecured claim.

**DEBTOR'S INVESTMENT PROPERTY HAS A VALUE OF $70,000; THEREFORE, THE LIEN HELD BY BANK OF AMERICA, N.A., AGAINST DEBTOR'S INVESTMENT PROPERTY HAS SECURED VALUE OF $70,000 AND A GENERAL UNSECURED VALUE OF $479,880.34**

12.     Pursuant to 11 U.S.C. §§ 506(a) and 506(d), the Debtor may modify and bifurcate the mortgage lien held by Bank of America against the Property.

13.     Section 506(a)(1) of the Bankruptcy Code, in relevant part, states:

> **§ 506. Determination of secured status**
> **(a)(1)** An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1).

14.     Section 506(d) of the Code provides, in relevant part: "(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . ." 11 U.S.C. § 506(d).

15.     At the time of the date of the Petition on August 29, 2018, the Property was allegedly encumbered by a mortgage claimed to be held by Bank of America in the amount of $549,880.34.

16.     Because Bank of America has not appraised the property, its interest is limited to that of the Debtor's appraisal as there is no competing appraisal. Bank of America's interest in the estate's interest in the Property is $70,000.00.

17. By reason of the foregoing, it should be determined that the value of the secured claim (if deemed a valid claim) held by Bank of America is $70,000.

18. Therefore, the unsecured portion of Claim No. 1 should be reclassified as a general unsecured claim pursuant to 11 U.S.C. §§ 506(a) and (d).

## CONCLUSION

16. For the reasons set forth above, Debtor requests the entry of an Order granting the relief requested in this Motion.

17. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Debtor respectfully requests the entry of an Order:

(a) Bifurcating Claim No.1; and (B) Reclassifying the value of the property owned by Debtor, i.e., $70,000, as a secured claim, and the amount in remainder, i.e., $479,880.34, as a general unsecured claim pursuant to 11 U.S.C. §§ 506(a) and (d); and (e), together with such other and further relief as deemed just and proper, and equitable under the circumstances; and respectfully represents as follows:

Dated: White Plains, New York
April 11, 2019

                                                        By: __/s/ Linda M. Tirelli_____
                                                        Linda M. Tirelli, Esq.
                                                        TIRELLI LAW GROUP, LLC
                                                        50 Main Street, Suite 1265
                                                        White Plains, New York 10606
                                                        914-732-3222
                                                        LTirelli@TW-LAWGROUP.COM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                                                    Case No.: 18-23325

**ORTIZ FAMILY ESTATES, LLC**                              Chapter 11

Debtor.
-----------------------------------------------------x

**ORDER**

Upon the motion dated April 12, 2019, (the "Motion") of the above debtor (the "Debtor"), for an Order pursuant to 11 U.S.C. §§ 502(a), 502(b)(1), 506(a), 506(d), and Federal Rule of Bankruptcy Procedure 3007 as follows: (a) Bifurcating Claim No.1; and (B) Reclassifying the value of the property owned by Debtor, i.e., $70,000, as a secured claim, and the amount in remainder, i.e., $549,880.34, as a general unsecured claim pursuant to 11 U.S.C. §§ 506(a) and (d); and (e), together with such other and further relief as deemed just and proper, and equitable under the circumstances; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the relief requested; after due deliberation, it appearing that the Property has a value of $70,000; that the secured claim held by Bank of America has a value of $70,000.00; that the unsecured portion of Claim No. 1 is reclassified as a general unsecured claim pursuant to 11 U.S.C. §§ 506(a) and (d); and good and sufficient cause appearing, it is hereby

**ORDERED** that

1. The Motion is granted.

2. The Property is valued at $70,000;

3. The secured value of Claim No. 1 held by Bank of America is $70,000; and

4. The remaining portion of Claim No. 1 is reclassified as a general unsecured claim.

Dated: White Plains, New York 10601
_____, 2019

_____
Honorable Robert D. Drain
United States Bankruptcy Judge Southern District of New York