Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street
Suite 1265
White Plains, New York 10606
914-732-3222
LTirelli@tw-lawgroup.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re:                                                                      Case No.: 18-23325-rdd

**ORTIZ FAMILY ESTATES, LLC**                          Chapter 11

        **Debtor.**

-------------------------------------------------------x

## DEBTOR'S OBJECTION TO BANK OF AMERICA'S, MOTION FOR TERMINATION OF AUTOMATIC STAY

**COMES NOWS** Ortiz Family Estates, LLC**,** the Debtor and Debtor in Possession, by and through counsel, pursuant to Section 362 of Title 11 of the United States Code, and hereby files its Objection to the Motion for Termination of Automatic Stay filed by Movant, Bank of America, N.A., and moves the court for a preliminary hearing on all issues raised by the allegations in set forth in Bank of America's motion. Debtor denies that Movant has established sufficient grounds to justify the entry of an order granting it relief from the automatic stay, and further denies <u>all</u> allegations presented in said motion.

                  **I.**        **PRELIMINARY STATEMENT**

On February 12, 2019, Bank of America, N.A., ("Bank of America") filed a Motion for Termination of Automatic Stay, alleging that cause for vacatur exists pursuant to Section 362(d)(1) because Debtor and Debtor in Possession, Ortiz Family Estates, LLC ("Debtor"), failed to make post-petition adequate protection payments. As will be discussed <u>infra</u>, the motion filed by Bank of America must be denied because Debtor has, in fact, made all post-petition mortgage payments

and further demonstrates that it has the funds to adequately protect Bank of America's interests in the Property as for the full amount of its appraised value.

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

1. Upon information and belief, on or about March 10, 2010, Bryan Lyles ("Lyles") purchased real property located at 316 Garfield Avenue in Jersey City, New Jersey ("the Property"); said purchase was financed by giving a $342,678 promissory note, secured by a mortgage, to Residential Home Funding Corporation.

2. At some point in time after purchasing the property but prior to the instant bankruptcy case, based upon information and belief, Lyles was arrested and plead guilty to first-degree money laundering, which resulted in, inter alia, incarceration, and related cascade of different costs and expenses, including legal fees and costs; thus, funding was needed to tender to that criminal matter.

3. Lyles, now presumed destitute, transferred his interest in the Property to Ortiz Family Estates, who holds same as investment property.

4. On August 29, 2018, Debtor, Ortiz Family Estates, LLC ("Debtor"), filed a voluntary Petition for relief in accordance with chapter 11 of the Bankruptcy Code ("Petition"); said matter was assigned Case No. 18-23325 and placed on the docket of the Hon. Judge Robert D. Drain.

5. On September 18, 2018, Debtor filed its Schedules of Assets and Liabilities and a Statement of Financial Affairs (the "Schedules") (ECF No. 5).

6. On or about February 5, 2019, Bank of America filed a proof of claim ("Claim No. 1") (attached hereto as "**Exhibit A**") in the amount of $549,880.34, the monetary value that it assigned to the Property.

7. The Ortiz Family Estates LLC owns now TWO (2) properties and is in the business of buying distressed properties to later resell or hold for rental income.

8. On or about February 12, 2019, Bank of America filed a Motion for Termination of Automatic Stay on the following bases: (1) Debtor failed to pay adequate protection; (2) Debtor does not have any equity in the Property; (3) the Property is not necessary for an effective reorganization; and (4) the Property was transferred without authorization to Debtor. Bank of America seeks to lift the automatic stay so that foreclosure proceedings may be commenced.

9. Attached hereto as "**Exhibit B**" is correspondence dated April 3, 2019, from the undersigned to Mark Cohen, Esq., enclosing a copy of a cover letter to his client with a check made payable to Carrington Mortgage Services in the amount of $5463.00, along with the calculation description provided by an online mortgage calculator. Therein, the undersigned explained that the amount of the check represented eight months of post-petition adequate protection payments, covering the time period from September 2018 through April 2019 .

10. Attached as "**Exhibit C**" is correspondence dated April 11, 2019, from Susan Keane, Esq., who states that she is holding $70,000 in her New York Attorney IOLTA account on behalf of Mr. Goldman, member of the Debtor LLC. This correspondence evidences the fact that Debtor has the funds available to quell any claim regarding adequate protection as there is $70,000 deposited for the benefit of the Debtor into a trust account and the Debtor is ready, willing, and able to adequately protect Bank of America's interest.

11. It is significant to note that the Property's appraisal value is $70,000 (appraisal attached as "**Exhibit D**"). As of the date and time of this objection, opposing counsel has made no arrangement to enter the Property to confirm its value and, therefore, it is reasonable to surmise that the creditor is satisfied with the accuracy of Debtor's appraisal. Given that the Property's entire appraisal amount is sitting in a trust account, which demonstrates Debtor's proof of funds

and its ability to pay 100% of the amount of the secured portion Bank of America's claim as requested by Debtor in its Motion to Reclassify (ECF No. 20).

12. Accordingly, Debtor respectfully requests that the Court reserve a decision on the Motion For Relief From Stay pending a decision on the Motion to Reclassify.

### III.  CONCLUSION

Debtor has provided evidence of proof of funds to satisfy adequate protection in full. Thus, because Debtor has the resources to adequately protect the interest of Bank of America, its motion should be disallowed and Bank of America be barred from presenting further pleadings on this matter, and for what further relief the Court deems just and proper.

**WHEREFORE,** the Debtor prays of the Court as follows:

I. That the Court **DENY** Bank of America's Motion for Termination of Automatic Stay; and

II. That the Debtor has such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of April 2019.

By: */S/ LINDA M. TIRELLI*
Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street, Suite 1265
White Plains, N.Y. 10606
Tel: (914)732-3222 / Fax: (914)517-2696
LTirelli@TW-LawGroup.com