**MARK E. COHEN, ESQ.**
ATTORNEY FOR SECURED CREDITOR
BANK OF AMERICA, N.A.
108-18 QUEENS BOULEVARD
4TH FLOOR, SUITE 3
FOREST HILLS, NEW YORK  11375
TELEPHONE (718) 258-1500
EMAIL: MECESQ2@AOL.COM

**MOTION DATE: JUNE 18, 2019**
**MOTION TIME: 10:00AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                                    Chapter 11

Ortiz Family Estates LLC,                                    Case No. 18-23325-rdd

       Debtor.
-----------------------------------------------------X

## OPPOSITION TO DEBTOR'S MOTION RECLASSIFYING CLAIM NO. 1

Bank of America, N.A.**,** secured creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest (hereinafter "Secured Creditor"), holds the senior lien on the subject property generally described as **316 Garfield Avenue, Jersey City, New Jersey** (hereinafter "Subject Property")**,** and hereby submits the following opposition to Debtor's Motion Reclassifying Claim No. 1 filed by Bank of America, N.A. (hereinafter "Motion"):

    1. Secured Creditor is the current holder of the senior lien on the Subject Property and filed its proof of claim, as appears on the Claims Register of this case as Claim #1. Secured Creditor derives its status as a result of a Mortgage and Note dated March 18, 2010.  A copy of the Mortgage is annexed hereto as Exhibit "A" and a copy of the Note is annexed hereto as Exhibit "B."

    2. The Note dated March 18, 2010 was executed by Bryan Lyles, who was and remains the obligor of the loan and only borrower in the underlying transaction with whom

1

Secured Creditor transacted the loan herein.

3. By deed dated August 9, 2019 and recorded on August 29, 2018 at 12:23pm, Bryan Lyles transferred his interest in the Subject Property to the Debtor. A copy of the deed as recorded is annexed hereto as Exhibit "C."

4. At or about 3:55pm of that same date, Debtor filed the instant Chapter 11 bankruptcy petition.

5. Secured Creditor alleges that based on the timing of the transfer and subsequent filing of the bankruptcy, the sole purpose of this transfer was to take advantage of the bankruptcy law which allows certain secured debts to be reduced through the valuation mechanism of Section 506.

6. Debtor is not obligated to pay the debt on the Subject Property to Secured Creditor. Bryan Lyles is the Obligor and Mortgagor.

7. Moreover, the transfer as executed in favor of Debtor in this case is a basis for the acceleration of the debtor as provided in paragraph 9(b) of the Mortgage.

8. Upon Debtor's present motion, this Court of equity is now being asked to ignore the provisions of an enforceable contract and force Secured Creditor to accept the Debtor as a new obligor, without being allowed the opportunity to weigh the standard risks involved in extending credit.

9. This Court of equity is also being asked to allow a non debtor obligor to reduce its debt through the bankruptcy filing of a third party.

10. Secured Creditor contends that if this action were allowed, it would condone abuse of the bankruptcy system by permitting people to escape financial obligations without ever filing for bankruptcy. From a public policy position alone, this conduct cannot

2

be ordained by this Honorable Court. The bankruptcy laws as designed are intended to allow parties filing for bankruptcy to reorganize their own debt, not the debts of others.

11. In the instant case, although the Subject Property may have come into the estate hours prior to the Filing Date, Debtor holds no debt on the Property and should not be allowed to reduce the amount owed on that debt if it is not owed by the Debtor.

**Section 506(d) Does Not Apply To Secured Loans For Which The Debtor Is Not The Borrower**

12. Section 506(d) of the Bankruptcy Code provides as follows:

"To the extent that a lien secures a claim <u>against the debtor</u> that is not an allowed secured claim, such lien is void…" [11 U.S.C. §506(d)(emphasis added)].

This section does not allude to a claim against the estate. It is a personal obligation that is described.

13. In this case, the Secured Creditor's lien does not secure a claim against this Debtor. The Debtor is not the Obligor and there is no privity of contract by and between Secured Creditor and Debtor. Despite the holding in <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 111 S.Ct. 2150 (1991) and its progeny which broadly defines who holds claims in a bankruptcy estate, there is no claim here. This is a Debtor attempting to value the lien of a third party Obligor who is not in bankruptcy.

14. Although privity can sometimes become an issue in valuation cases, those cases usually involve a debtor who is trying to reduce the amount of a lien in which the debtor holds hold an interest. The Debtor herein is now claiming to stand in the shoes of the party that is the Obligor, trying to reduce a claim on which it owes not money and which would benefit the Obligor over whom this Court has no jurisdiction.

3

15. "Privity is a threshold issue in this case, and despite the Plaintiff's assertions otherwise, it absolutely matters what party is seeking a modification of rights under the DOT." *See* In Duran v. N.C. Hous. Fin. Agency (In re Duran), CASE NO. 14-03451-5-DMW, at *7 (Bankr. E.D.N.C. Oct. 14, 2015). The Duran court went on to say "If the Claim were bifurcated as the Plaintiff requests, and the unsecured portion of the Claim were treated as an unsecured claim through the Plaintiff's Chapter 13 plan, the Claim would be deemed satisfied upon the Plaintiff's receipt of a discharge pursuant to 11 U.S.C. § 1328 [however]…the Claim has never been against the Plaintiff. This outcome would hinder the rights of the parties…under the Note secured by the DOT." The court went onto say that a court cannot extinguish the personal liability of non-debtors, citing Alvarez v. HSBC Bank USA, N.A. (In re Alvarez), 733 F.3d 136, 142 (4th Cir. 2013)[ the court is without authority to strip a lien on entireties property unless both spouses submit to the jurisdiction of the bankruptcy court by filing a joint petition.]. Similarly, this Court cannot exercise jurisdiction over the underlying obligation against the Obligor and cannot modify the loan.

16. The Debtor is a third-party that has no obligation on the underlying loan and has no standing to value the amount owed. Debtor has no legal or equitable interest and attempts to include such property as part of Debtor's estate contrary to 11 U.S.C. §541(d).

WHEREFORE, the Secured Creditor respectfully prays for an order denying Debtor's Motion Reclassifying Claim be denied in all respects, or together with such other

4

and further relief as this Court deems just and proper.

Dated: Forest Hills, New York
     May 29, 2019                        **MARK E. COHEN, ESQ.**
                                          By: */s/ Mark E. Cohen, Esq.*
                                          Attorney for Secured Creditor
                                          Bank of America, N.A.
                                          108-18 Queens Boulevard
                                          4th Floor, Suite 3
                                          Forest Hills, New York  11375
                                          Telephone (718) 258-1500
                                          Our File No. FHAC.241-7677.NF

## **CERTIFICATE OF SERVICE**

     I, Mark E. Cohen, certify under penalty of perjury that I am not a party to this action, am over 18 years of age.

     That on May 29, 2019 I served the OPPOSITION TO DEBTOR'S MOTION RECLASSIFYING CLAIM NO. 1 by the Court's electronic filing system and regular U.S. Mail addressed to the following at the addresses listed below:

TO:    **Chapter 11 Debtor**: Ortiz Family Estates LLC, 22 S. Madison Ave., Suite A, Spring Valley, NY 10977

        **Debtor's Counsel**: Linda M. Tirelli Esq., Tirelli Law Group, LLC, 50 Main Street Suite 405, White Plains, NY 10606

        **United States Trustee:** Office of the United States Trustee, Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014

        **Also Served:**
Davidson Fink LLP, Attorney for Secured Creditor Bank of America, N.A., 28 East Main Street, Suite 1700, Rochester, NY 14614

Brian Lyles, 316 Garfield Avenue, Jersey City, NJ 07305

Dated: Forest Hills, New York
      May 29, 2019                    **MARK E. COHEN, ESQ.**
                                              By: */s/ Mark E. Cohen, Esq.*
                                              Attorney for Secured Creditor
                                              Bank of America, N.A.
                                              108-18 Queens Boulevard
                                              4th Floor, Suite 3
                                              Forest Hills, New York  11375
                                              Telephone (718) 258-1500
                                              Our File No. FHAC.241-7677.NF

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------------------------

In re:

Ortiz Family Estates LLC,

    Debtor.

Case No. 18-23325-rdd

CHAPTER 11

-----------------------------------------------------------------------------------------------------------------

## **OPPOSITION TO DEBTOR'S MOTION RECLASSIFYING CLAIM NO. 1**

-----------------------------------------------------------------------------------------------------------------

*MARK E. COHEN, ESQ.*
*Attorney for Secured Creditor*
*Bank of America, N.A*
*108-18 Queens Boulevard*
*4th Floor, Suite 3*
*Forest Hills, New York 11375*
*Telephone: (718) 258-1500*
*Facsimile: (718) 793-1627*

-----------------------------------------------------------------------------------------------------------------